■ HON FUI HUI, Appellant, v EAST BROADWAY MALL, INC., Respondent. [773 NYS2d 344]—

Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered March 31, 2003, dismissing the complaint in an action for breach of contract pursuant to an order that granted defendant's motion for summary judgment, unanimously affirmed, without costs.

The action was properly dismissed on the ground that a shareholder has no right to bring an action in his own name and on his own behalf on a cause of action that belongs to the corporation (*General Motors Acceptance Corp. v Kalkstein,* 101 AD2d 102, 106 [1984], *appeal dismissed* 63 NY2d 676 [1984]). It does not avail plaintiff that he was the corporation's only shareholder (*see id.* at 105), that the corporation was dissolved shortly after the subject contract was executed (Business Corporation Law § 1006), and that he brought the action in the mistaken belief that all of the corporation's liabilities had been paid and that he had therefore succeeded to its assets pursuant to Business Corporation Law § 1005 (a) (3) (B). Nor does it avail plaintiff that once advised by defendant's motion papers that all of the corporation's liabilities had not been paid, he took an assignment of the corporation's cause of action against defendant, where such assignment was made after the six-year statute of limitations had run. An assignee takes a cause of action subject to all defenses that could have been asserted against the assignor at the time of the assignment (*see Trans-Resources v Nausch Hogan & Murray,* 298 AD2d 27, 30 [2002]). Here, at the time the corporation assigned its cause of action against defendant to plaintiff, defendant could have asserted the statute of limitations against the corporation. We have considered plaintiff's other arguments and find them unavailing. Concur—Nardelli, J.P., Mazzarelli, Saxe and Lerner, JJ.